**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2452

UNITED STATES,

Appellee,

v.

EASTON WILSON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Selya, Lynch and Howard,
Circuit Judges.

Robert M. Napolitano on brief for appellant.
Paula D. Silsby, United States Attorney, and Margaret D. McGaughey, Appellate Chief, on brief for appellee.

June 22, 2006

**Per Curiam**. Easton Wilson pled guilty (without a plea agreement) to five counts charging, *inter alia*, conspiring to import cocaine and to distribute cocaine base, and possession with intent to distribute cocaine base. Two of the counts (Counts II and III) include references to drug quantities. He was sentenced prior to the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), but had raised in the district court an objection to the federal sentencing guidelines based on Apprendi v. New Jersey, 530 U.S. 466 (2000). Finding that this had preserved a claim of Booker error and that the government had failed to prove that the error was harmless beyond a reasonable doubt, we affirmed the conviction but vacated the sentence and remanded for re-sentencing under Booker's advisory guidelines system. See United States v. Antonakopoulos, 399 F.3d 68, 76 (1st Cir. 2005).

On remand, the sentencing court reiterated its findings from the original sentencing and imposed the identical sentence of 320 months, at the middle of the applicable guideline sentencing range.[1] In this appeal, Wilson objects to the enhancements to his sentence based upon fact-finding by the sentencing court. First, he objects that the sentencing court's findings as to drug quantity enhanced his sentence for Counts I and III above the statutory maximum, in violation of Apprendi. Second, he argues that the

---

[1] The court imposed a sentence of 320 months on each of Counts I, III and VI, and the statutory maximum of 240 months on Counts IV and V.

sentencing court erred by enhancing his guideline sentence based on judicial findings of fact with respect to: drug quantity, role in the offense, presence of a firearm, and attribution to him of prior criminal conduct under the alias "Anthony Brown," in violation of Blakely v. Washington, 542 U.S. 296 (2004). Finally, Wilson challenges his sentence under Booker, on the ground that it is based upon an unreasonable assessment of the facts. For the following reasons, none of these sentencing challenges is availing.

> I. Apprendi Claims
> In Booker, the Court reaffirmed its holding in Apprendi:
> Any fact (other than a prior conviction) which is necessary to support a sentence **exceeding the maximum authorized by the facts established by a plea of guilty** or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

United States v. Booker, 543 U.S. 220, 244 (2005)(emphasis added). Wilson's contention that the sentences imposed for Counts I and III exceeded the default statutory maximum imprisonment terms for those offenses is unfounded. Count I charged conspiracy to distribute "50 or more grams of cocaine base" and Count III charged conspiracy to import "5 or more kilograms of cocaine." Wilson entered an unconditional plea to those charges and during the plea colloquy admitted to the "Prosecution Version" of the facts, which included the quantities charged in the indictment. The maximum statutory imprisonment corresponding to those drug quantities is life. See 21 U.S.C. § 841(b)(1)(A)(iii) (Count I); id. § 960(b)(1)(B)(ii) (Count III). Therefore, the sentences imposed did not "exceed[] the

-3-

maximum authorized by the facts established by [Wilson's] plea of guilty," Booker, 543 U.S. at 244, and there was no Apprendi error.

II. Blakely Claims

Wilson argues that his Sixth Amendment rights were violated when the district court enhanced his guideline sentence based on the following factual findings that were neither charged in the indictment nor proved to a jury beyond a reasonable doubt: 1) defendant's role in the offense as an "organizer or leader," 2) the drug quantity used to arrive at a base offense level, 3) his possession of a dangerous weapon, and 4) attribution to defendant of prior criminal conduct committed under an alias.

Wilson claims that such judicial fact-finding violated Blakely. "Blakely claims are now viewed through the lens of [Booker]." Cirio-Muñoz v. United States, 404 F.3d 527, 532 (1st Cir. 2005). "Under Booker, a judge may do such fact finding in determining the Guidelines range. Nothing in Booker requires submission of such facts to a jury so long as the Guidelines are not mandatory." Antonakopoulos, 399 F.3d at 80; see United States v. Yeje-Cabrera, 430 F.3d 1, 17 (1st Cir. 2005). Therefore, there was no Blakely error in this case.

III. Booker Claim

Wilson claims his sentence is unreasonable because it is based on clearly erroneous facts.

-4-

A. Drug Quantity

Wilson's main attack on the court's drug quantity finding is that it includes "estimates." The record supports the statement in the presentence investigation report (PSR) that it contains "conservative estimate[s]" of the amount of drugs attributable to Wilson in this case. As Wilson himself points out, where the reported information provided no reliable method to determine the drug quantities involved, no quantity was attributed. And where a reported amount seemed higher than would be consistent with other information obtained by the Probation Office, it was reduced accordingly. These approaches support, rather than undercut, the PSR's drug quantity calculation that was adopted by the sentencing court. "[S]uch a determination need not be exact, but, rather, may be approximate, as long as the approximation represents a reasoned estimate." United States v. Santos, 357 F.3d 136, 141 (1st Cir. 2004). The sentencing court's factual finding as to drug quantity was not clearly erroneous.

B. Role-in-the-Offense

The district court applied a four-level enhancement to Wilson's offense level based on a finding that Wilson was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). Wilson does not contest that there were five or more participants involved in the conspiracy. His only argument is that

"[t]he other participants had their own agendas for their roles in the schemes.  It is unfair to the Defendant and unreasonable to suggest, but for [Wilson's] involvement these individuals would not have formed a network."

The district court's finding that Wilson qualified as a leader or organizer is adequately supported.  The "Prosecution Version" of the facts, which was expressly accepted as true by Wilson at his guilty plea hearing,  described Wilson's specific recruitment of accomplices, exercise of control over others, and use of decisionmaking authority.  Wilson has failed to demonstrate that the four-level enhancement was based on a clearly erroneous factual assessment of his role in the offense. See United States v. Diaz-Diaz, 433 F.3d 128, 138-39 (1st Cir. 2005) (affirming four-level enhancement under clear error review where the evidence showed, among other things, that defendant actively recruited other participants and instructed others as to the best route for transporting drugs).

C. Weapon

In calculating the guideline sentencing range, the district court applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), for possession of a dangerous weapon.  The court adopted the PSR's finding that "a firearm was found in the defendant's bedroom during the search conducted on April 12, 2003, in close proximity to a significant quantity of both cocaine base and cash."  Wilson does

-6-

not contest the accuracy of that finding.  Instead, he argues that the government failed to point to any evidence of the use of a firearm to advance any aspects of the drug trafficking.  However, "[u]nder our case law there is no requirement that the weapon have been intended for use in perpetrating the drug offense, much less that it have been used in furtherance of the offense."  United States v. Castillo, 979 F.2d 8, 10 (1st Cir. 1992).

D. Criminal History

On this appeal, Wilson's primary argument regarding criminal history is that the district court erred in relying upon reports in the PSR of Wilson's arrest on charges that are pending, and for which he has not been convicted.  No criminal history points were assigned to the pending charges, and they therefore did not influence the calculation of Wilson's criminal history category.  However, Wilson argues that the district court improperly took those pending charges into account when deciding where within the guideline range to sentence him.

At the original sentencing, the court made a reference to a 1998 arrest of Wilson in England when discussing his prospects for rehabilitation.  The PSR reported that as of January 2004, those charges (related to possession with intent to distribute cocaine base and heroin) were "pending" and that a warrant had issued for failure to appear for trial, but that extradition was not sought.  Such pending charges may be considered in deciding whether to make

an upward departure based on inadequacy of the criminal history category. See § U.S.S.G. § 4A1.3(a)(2)(E). It follows that the district court did not err in considering those charges in determining where to sentence Wilson within the applicable guideline range.

Wilson also objects, as he did at sentencing, to the district court's use of his conviction for a 1992 offense committed under the alias of Anthony Brown, for which he received one criminal history point. In response to Wilson's objection to the PSR in this regard, the Probation Office noted that the PSR reported with respect to another 1992 Florida conviction that Wilson had "acknowledged that he was using the license of Anthony Brown at this time." At the original sentencing, the district court recognized this as an area of dispute and made the following finding: "I find based on the contents of the presentence investigation report that the criminal conduct described to his a/k/a is properly his and in fact it occurred." The district court reiterated those findings at the re-sentencing hearing. Wilson has failed to demonstrate that such findings were clearly erroneous.

The district court articulated its reasons, addressed the defendant's arguments, considered the relevant criteria and the sentence is entirely plausible. See United States v. Jimenez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006)(en banc). Wilson's sentence is affirmed.